UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEIDI DAVONNE BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-105 DRL-SJF |
| ST. JOSEPH COUNTY DIVISION OF FAMILY RESOURCES, | |
| Defendant. | |

ORDER

Heidi Davonne Brown filed a second amended *pro se* complaint [8] and a third motion for leave to proceed *in forma pauperis* [9]. Ms. Brown submitted a standard *in forma pauperis* form stating that she has no gross weekly earnings and relies on agencies, pantries, and "knowledge" to pay for necessities [*id*]. But Ms. Brown's second amended complaint does not meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Ms. Brown's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* litigants aren't held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), but they aren't exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

The court must determine whether her second amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe her pleading liberally, *see Erickson*, 551 U.S. at 94, it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir.

2003). The court will not grant the *in forma pauperis* motion if the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ms. Brown's second amended complaint does not.

In her first amended complaint, Ms. Brown brought suit against the Indiana Family and Social Services Administration (FFSA) and Morningview Assisted Living LLC. She alleged she was discriminatorily and improperly denied benefits because Morningview falsely claimed that she had previously been an employee. The court determined her pleading didn't comply with the federal rules, and granted her leave to file a second amended complaint, against only the FSSA and only as to her claim of discrimination.

This time, Ms. Brown claims the St. Joseph County Division of Family Resources negligently denied her healthcare and Supplemental Nutrition Assistance Program benefits [8 at 2].[1] She says she made personnel aware of the denial, but she was disregarded [*id.*]. The second amended complaint doesn't provide any additional facts about the alleged negligent conduct, nor does she now seem to assert a discrimination claim. Ms. Brown attached several documents to her complaint, including the court's previous order, and, from what the court can tell, a document showing she was deemed ineligible for several types of benefits [8-1 at 9-

---

[1] The Division of Family Resources is a division of the Indiana Family and Social Services Administration. *See* Ind. Code § 12-13.

16], and a completed Bureau of Indiana Affairs Request for Certificate of Degree of Indiana or Alaska Native Blood [*id.* at 20-21].

Ms. Brown has disregarded the court's prior instructions. She has replaced FSSA as a defendant with the St. Joseph County Division of Family Resources and pleads only a negligence claim. She has not addressed any discrimination.

At this point, the court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal Rule of Civil Procedure 8 "requires a short and plain statement of the jurisdictional basis, which, however must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations and citation omitted).

Ms. Brown invokes no federal provision or statute, and her second amended complaint doesn't suggest she proceeds under one. Ms. Brown doesn't plead her citizenship, nor does she state an amount in controversy, and it isn't evident from her pleading that damages would exceed $75,000. The court appears to lack jurisdiction over her claims. Her claim of negligence is a state law claim over which the court doesn't have jurisdiction on the basis of this pleading. She has foregone a discrimination claim even after the court's guidance and allowance to amend now a second time.

That said, Ms. Brown is a "prolific filer" who is well aware of pleading standards. *In re Chapman*, 328 F.3d 903, 904 (7th Cir. 2003). After filing more than 20 cases, just here, she seems to believe that anything that ails or troubles her is worthy of a federal lawsuit, but the reality is that it isn't. A federal court, unlike a state court, is a court of *limited* jurisdiction. In the past, she has ignored the court's directions, and her filings continue to clog court processes and burden judges and court staff to the detriment of others. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995). The court has warned her that it has authority to sanction such abuses of the system. *See Brown v. Cook*, No. 3:25cv178 (N.D. Ind. May 29, 2025); *Mack*, 45 F.3d at 186; *see also Chapman*, 328 F.3d at 905 ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Given Ms. Brown's extensive experience filing cases before this court, and her opportunity to amend twice after guidance here, the court won't provide her yet another chance to amend. Accordingly, the court DENIES her motion to proceed *in forma pauperis* [9] and DISMISSES her case for lack of jurisdiction. The court also CAUTIONS Ms. Brown that continuing to file frivolous lawsuits that don't comply with the Federal Rules of Civil Procedure may result in filing restrictions or financial sanctions.

SO ORDERED.

June 3, 2025                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court